Vazquez v Randall (2022 NY Slip Op 03187)





Vazquez v Randall


2022 NY Slip Op 03187


Decided on May 12, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 12, 2022

Before: Gische, J.P., Scarpulla, Mendez, Shulman, Higgitt, JJ. 


Index No. 157946/19 Appeal No. 15931 Case No. 2021-02386 

[*1]Manuel Vazquez, Plaintiff-Respondent,
v
Tod Randall et al., Defendants-Respondents, Persio Agramonte et al., Defendants-Appellants.


Scahill Law Group, P.C., Bethpage (Gerard Ferrara of counsel), for Persio Agramonte and Rigoberto E. Barrios, appellants.
The Zweig Law Firm P.C., Woodmere (Jonah S. Zweig of counsel), for Fadjine Kone, appellant.



Order, Supreme Court, New York County (J. Machelle Sweeting, J.), entered on or about June 22, 2021, which, to the extent appealed from as limited by the briefs, denied defendants' cross motions for summary judgment on the issue of liability, with leave to refile upon the completion of discovery, unanimously affirmed, without costs.
This is an action for personal injuries allegedly sustained by plaintiff in a four-motor-vehicle accident. Plaintiff was a passenger in the lead vehicle. Before the court even held the preliminary conference, plaintiff moved for summary judgment on the issue of liability, and the defendants, other than Randall and the city defendants, cross-moved for summary judgment dismissing all claims and cross claims against them.
Defendants' cross motions for summary judgment were properly denied. Indeed, in support of their cross motion for summary judgment, defendants Agramonte and Barrios did not submit an affidavit of a person with knowledge to describe how the accident occurred and to demonstrate their lack of liability. Defendant Kone's brief two-page affidavit in support of his cross motion for summary judgment was entirely conclusory and insufficient to make out a prima facie case.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 12, 2022